# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| HOWARD JAMES REDMOND § § *Plaintiff,* § § v. § § GREGORY S. GRAHAM, trustee, et al. § § *Defendants.* § § § | Civil Action No.  4:21-mc-00004 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Shellpoint's Motion to Dismiss (Dkt. #2).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED** on other grounds.

### BACKGROUND

Plaintiff Howard James Redmond ("Redmond"), proceeding *pro se*, filed this lawsuit against Gregory S. Graham, American Brokers Conduit, Fannie Mae, Green Tree Servicing, LLC, Freddie Mac, MERS Holding Corp., Ditech Financing Servicing LLC, Shellpoint, and Bank of America (collectively "Defendants") seeking to confirm a purported arbitration award (Dkt. #1). Along with his complaint, Redmond attached a copy of the alleged arbitration award (Dkt. #1, Exhibit 1),  the alleged underlying contract between the parties (Dkt. #1, Exhibit 2), an Affidavit of Demand for Registration of Foreign Judgment, (Dkt. #1, Exhibit 3), a Memorandum in Support of Demand to Confirm the Arbitration Award (Dkt. #1, Exhibit 4), and other documents relating to legal principles (Dkt. #1, Enclosure 1; Dkt #1, Enclosure 2, Dkt. #1, Enclosure 3).  Though the voluminous submissions by Redmond are not a model of clarity, the Court attempts to summarize the gravamen of Redmond's complaint.

According to Redmond, on or about September 6, 2019, the parties entered into an "agreement" which provided that the parties would settle any dispute arising out of the agreement by arbitration (Dkt. #1, Exhibit 4 at p. 1).  The "agreement" (Dkt. #1, Exhibit 2) is a document entitled "That Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance Offer" and subtitled "Show of Cause Proof of Claim Demand" (Dkt. #1, Exhibit 2 at p. 1).  It is addressed to the Defendants from Redmond, and states in part as follows:

> To the Holder in Due Course and/or agent and/or representative,
>
> I, howard james redmond jr., living man, have received your offer and accept your offer of your alleged "mortgage" under the following terms and conditions-That you provide the following proof of claim. *Your failure to provide proof of claim, and to accept payment for credit on account shall constitute a breach of this binding self-executing irrevocable contractual agreement* coupled with interest and subject the breaching party to fines, penalties, fees, taxes and other assessments.

(Dkt. #1, Exhibit 2 at p. 2) (emphasis added).  Strikingly absent from this "binding self-executing irrevocable contractual agreement" is any signature from any of the Defendants (*See* Dkt. #1, Exhibit 2 at p. 29) (showing only a signature line for Redmond).  Rather, it appears that Redmond's theory is that this "agreement" arose based on Defendants' *failure to respond* to it.

Indeed, Redmond explains in the attached memorandum the steps that he unilaterally took, and to which Defendants did not respond, that resulted in the formation of the agreement and subsequent purported arbitration award (*See* Dkt. #1, Exhibit 4).  First, on or about September 6, 2019, Redmond mailed to the Defendants the "self-executing irrevocable contractual agreement" and "received no response" (Dkt. #1, Exhibit 4 at p. 2).  Then, on December 4, 2019, Redmond sent a "Notice of Default" to the Defendants, which also went unresponded to (Dkt. #1, Exhibit 4 at p. 2).  Accordingly, on or about January 5, 2020, pursuant to the alleged agreement, Redmond filed an arbitration claim with Arbitrator Thomas Bradford Schaults, "claiming $69,000.00 x 8 = $552,000.00 total damages" (Dkt. #1, Exhibit 4 at p. 3).

The arbitration award (Dkt. #1, Exhibit 1) purports to have been issued by a company called Private International Arbitration Association,[1] and is signed by an arbitrator named Thomas Bradford Schaults[2] (Dkt. #1, Exhibit 1 at p. 1, 17).  The document states that an arbitration hearing was conducted electronically on January 19, 2019, which the Defendants did not attend (Dkt. #1, Exhibit 1).  According to the findings of Schaults, "the parties had a pre-established relationship which placed an obligation on each to communicate with the other" and the Defendants "failure to respond [] constituted an act of 'tacit acquiescence'" (Dkt. #1, Exhibit 1 at pp. 11–12).  Therefore, since there was a "binding irrevocable contractual agreement" between the parties, the Defendants were ordered to pay Redmond $69,000 each (Dkt. #1, Exhibit 1 at pp. 7-8).

On or about February 7, 2020, Redmond alleges he attempted to collect on the judgment "by billing/invoicing the [Defendants]," but the Defendants failed to comply (Dkt. #1, Exhibit 4 at p. 3).  Accordingly, on January 7, 2021, Redmond filed suit in this Court, seeking "to confirm [the] arbitration award" pursuant to 9 U.S.C. § 9 and "demand[ing] that the Judgment be registered in this Court and that such Judgment be made a Foreign Judgment of this court . . . ." (Dkt. #1, Exhibit 4 at p. 1; Dkt. #1, Exhibit 3 at p. 2).  On November 10, 2021, Shellpoint filed the present motion to dismiss (Dkt. #2).  Redmond did not file a response to the motion.

## LEGAL STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).

---

[1] No arbitration association by the name of "Private International Arbitration Association" appears to exist.  As such, this organization does not appear to be a legitimate arbitration association.
[2] The Court notes that Thomas Bradford Schaults also does not appear to hold any authority from any legitimate arbitration provider to conduct arbitrations.

I.      **Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

It is true that "parties who proceed *pro se* are often given more leeway than represented parties in correcting errors in pleadings," and "a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true." *Simmons v. Methodist Hosps. of Dallas*, 106 F. Supp. 3d 799, 803 (N.D. Tex.), *aff'd*, 632 F.App'x. 784 (5th Cir. 2015); *Fields v. Lackey*, No. 4:16-CV-

4

607, 2018 WL 3018869, at *3 (E.D. Tex. June 18, 2018). However, "*pro se* litigants are [still] expected to comply with the rules of pleading." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Also, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

"Subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal jurisdiction exists only when a "federal question" is presented, 28 USC § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. At any stage in the litigation, "the objection that a federal court lacks subject-matter jurisdiction . . . may be raised." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; see also FED. R. CIV. P. 12(h)(3).

## II. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded

facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

6

## ANALYSIS

Redmond asks the Court to confirm his alleged arbitration award pursuant to 9 U.S.C. § 9 and register his judgment in this court pursuant to 28 U.S.C. § 1963 (Dkt. #1, Exhibit 4 at p. 6; Dkt. #1 at p. 5). Shellpoint presently moves to dismiss[3] the claims under 12(b)(6) because "Redmond did not plead any plausible facts in the complaint or the supporting materials from which to conclude Mr. Schaults or anyone else associated with the purported arbitration possessed any legitimate authority" (Dkt. #2 at p. 3).

### I.    Subject Matter Jurisdiction

Although neither party raises the issue of subject matter jurisdiction, this Court must consider it *sua sponte*. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Arbaugh v. Y & H Corp.*, 546 U.S. at 514 ("[Federal] courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). Federal jurisdiction exists only when a "federal question" is presented, 28 USC § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The court "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (5th Cir. 2001).

A party filing a motion under the FAA to confirm an arbitration award must allege facts showing an independent jurisdictional basis for the Court to consider that motion because the FAA, by itself, bestows no federal jurisdiction. *See Hall St. Associates, L.L.C. v. Mattel, Inc.* 552 U.S. 576, 581–82 (2008); *see also Andrew v. Talbot*, 833 Fed. App'x. 473, 474 (10th Cir. 2021) ("The

---

[3] In the introductory paragraph to Shellpoint's motion to dismiss, Shellpoint also states that "for the reasons stated in related case 5" it seeks to "enjoin Mr. Redmond from filing vexatious litigation in this district" (Dkt. #2 at p. 1). Because the Court ultimately concludes that it lacks subject matter jurisdiction over this case, the Court is precluded from considering Shellpoint's request for injunctive relief.

Federal Arbitration Act does not confer subject matter jurisdiction on federal courts absent an independent jurisdictional basis."). Stated differently, "[a] district court has no authority to resolve a motion to confirm an arbitration award under § 9 of the FAA if the arbitration claims would not otherwise be subject to federal jurisdiction absent the arbitration agreement." *Brett-Andrew: House of Nelson v. Jackson*, 2020 WL 8458834, at *2 (N.D. Tex. Dec. 4, 2020), *rec. accepted*, 2021 WL 409999, (N.D. Tex. Feb. 5, 2021) (dismissing similar complaint by another Plaintiff seeking to confirm arbitration award for lack of subject matter jurisdiction). "Such independent bases include diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 841 (5th Cir. 2020) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983)).

Recently, the Supreme Court of the United States confirmed the aforementioned test to determine when a federal district court may assert jurisdiction over a request to confirm or vacate an arbitral award under Sections 9 and 10 of the FAA, 9 U.S.C. § 1 *et seq*. *Badgerow v. Walters*, 142 S. Ct. 1310, 1314, 212 L. Ed. 2d 355 (2022). The Supreme Court ultimately concluded that "Section 9 and 10 applications conform to the normal—and sensible—judicial division of labor: The applications go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law." *Badgerow*, 142 S. Ct. at 1321. Although the underlying dispute "may have originated in the arbitration of a federal-law dispute[,]" "the underlying dispute is not now at issue." *Id*. "Rather, the application concerns the contractual rights provided in the arbitration agreement, generally governed by state law." *Id*. "And adjudication of such state-law contractual rights [ ] typically belongs in state courts." *Id*. at 1321-1322.

Here, Redmond asserts that this Court has jurisdiction under 28 U.S.C. § 1331[4] because "complete diversity exist[s] and the amount is over $75,000.00" and 28 U.S.C. §1963 because "this is for the registration of judgments for enforcement in other districts" (Dkt. #1 at p. 5). Accordingly, Redmond alleges that jurisdiction is proper through diversity jurisdiction and federal question jurisdiction. The Court disagrees. While the Court must liberally construe pleadings filed by *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even under the most liberal construction, Redmond has failed to allege facts supporting federal question or diversity jurisdiction.

### A.     Jurisdiction Under 28 U.S.C. § 1332— Diversity of Citizenship

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). For diversity purposes, an individual is a citizen of the state where he is domiciled. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–314 (5th Cir. 2019). A corporation is a citizen of the state, or states, of its incorporation and the state where its principal place of business is located. *Id.* Importantly, "plaintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000); *see also Vela v. Manning*, 469 Fed. Appx. 319, 320 (5th Cir. 2012) (not selected for publication). Similarly, the party invoking jurisdiction under § 1332 is responsible for

---

[4] Section 1331 authorizes federal question jurisdiction, not diversity of citizenship jurisdiction. However, Redmond alleges that the Court has jurisdiction under § 1331 because "complete diversity exist[s] and the amount is over $75,000 . . . " (Dkt. #1 at p. 5). Thus, the Court will assume that Redmond meant to refer to § 1332.

showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.")

Here, beyond a conclusory allegation that jurisdiction is proper because there is "complete diversity," Redmond alleges no facts showing that there is complete diversity between the parties. Indeed, although it is his obligation to "distinctively and affirmatively" allege the citizenship of the parties, *see McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975), his complaint does not provide any facts about the Defendants' citizenship. While the alleged contract between the parties provides addresses of the parties, including Texas addresses for himself and three of the Defendants and non-Texas addresses for the remaining Defendants, this is insufficient (See Dkt. #1, Exhibit 2). Redmond provides no other detail or allegations regarding citizenship. *See Duru v. Texas State Court*, No. 3:15-CV-1855-L, 2016 WL 791449, at *4 (N.D. Tex. Feb. 11, 2016), *report and recommendation adopted*, 3:15-CV-1855-L, 2016 WL 775847 (N.D. Tex. Feb. 29, 2016) (finding the mere listing of addresses to be insufficient to establish the citizenship of the parties). Further, even assuming that the list of addresses was sufficient to establish the citizenship of the parties, the face of Redmond's complaint demonstrates that complete diversity does not exist—since he and three of the Defendants are citizens of Texas. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992) ("[A] district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants."). For these reasons, Redmond has failed to show complete diversity between the parties. As such, the Court need not address the amount in controversy component of diversity jurisdiction.

### B. Jurisdiction Under 28 U.S.C. § 1331—Federal Question

Redmond also asserts this Court has federal question jurisdiction because his suit is "for the registration of judgments for enforcement in other districts" under § 1963 (Dkt. #1 at p. 5). However, this argument is also unavailing.

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). Therefore, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

Here, while Redmond's complaint attempts to invoke the Court's jurisdiction under 28 U.S.C § 1963, this section does not provide a basis for federal question jurisdiction in this case. Section 1963 provides, in pertinent part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

The "goal of this statute is to aid in the enforceability of federal judgments." *Calderon v. JPMorgan Chase Bank, N.A.*, No. 11-1910, 2012 WL 3484683, at *2 (E.D. La. Aug. 12, 2012)

(citing *United States v. Kellum*, 523 F.2d 1284 (5th Cir.1975)). But, "to be registrable, a judgment must be valid and subsisting in the jurisdiction of origin." *Id.* (citations omitted). Further, "the plain language of § 1963 applies only to judgments issued by federal courts." *Id.* (collecting cases).

Here, the documents included in Redmond's "Demand for Registration of Foreign Judgment" do not contain a "certified copy" of a judgment from any federal court as required by 28 U.S.C § 1963. Indeed, there is nothing in the documents that would qualify as a valid judgment from any recognized court, much less a federal court. That is because the "judgment" he seeks to enforce was entered by an "arbitrator." Notwithstanding that defect, the documents have been authored by Redmond, not by a court in connection with legitimate litigation. *See id*. Accordingly, because nothing in § 1963 provides the Court with the jurisdiction to enforce an arbitrator's judgment—which Redmond purportedly seeks to do—there is no federal question jurisdiction under § 1963.

## II. Action Dismissed as Frivolous

Even if there were subject matter jurisdiction, the action is wholly frivolous. The Supreme Court has stated that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (finding that a district court's authority to dismiss a claim extends to dismissal of claims that are clearly baseless"). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell v. Hood* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is "'patently insubstantial,' presenting no federal question suitable

for decision." *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)), *aff'd*, No. 16-5271, 2017 WL 2332615 (D.C. Cir. Feb. 6, 2017). Stated differently, dismissal for lack of subject matter jurisdiction is appropriate when a complaint is "'obviously frivolous' factually." *Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (quoting *Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008) (per curiam)). Further, while courts liberally construe *pro se* complaints, "*pro se* status does not provide 'an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Burroughs v. Shared Hous. Ctr.*, No. 3:15-cv-333, 2015 WL 4077216, at *4 (N.D. Tex. June 17, 2015) (internal quotations omitted). Indeed, a court need not "conjure up unpled allegations or construe elaborately arcane scripts" to save a *pro se* complaint. *Govea v. ATF*, 207 F. App'x 369, 372 (5th Cir. 2006) (per curiam).

Here, it is clear from the face of the complaint that there is no plausible foundation in Redmond's complaint. While Redmond asks the Court to confirm his arbitration award under 9 U.S.C. § 9, it is clear that it is based on a legally baseless "contract" to which the Defendants never assented. Stated differently, the action "is based on the indisputably meritless legal theory that an individual can fabricate an arbitration award and then enforce it in federal district court." *John v. Cent. Loan Admin. & Reporting*, No. 21-CV-1411, 2021 WL (1845913), at *3 (E.D.N.Y Apr. 13, 2021) (finding plaintiffs' purported award to be "bogus" because there was never an agreement to arbitrate").

Under the FAA, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. To obtain confirmation of an award, the statute requires the

moving party to file (1) the agreement, (2) the award, and (3) each notice, affidavit, or other paper used to confirm, modify or correct the award. 9 U.S.C. § 13.  This allows the court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment.  As the Supreme Court has repeatedly emphasized, arbitration is simply a matter of contract and consent. *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 561 U.S. 287, 299 (2010); *see also Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) ("[T]he FAA does not require parties to arbitrate when they have not agreed to do so.").  Moreover, it is "well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock*, 561 U.S. at 296–97.

Here, Redmond has filed what he claims is the agreement between the parties that contains an arbitration clause (Dkt. #1, Exhibit 2).  However, nothing on the face of this document indicates that Defendants legally entered into any agreement with Redmond, including any agreement to arbitrate.  The document contains no indication that Defendants agreed to Redmond's terms.  Indeed, the document contains only Redmond's signature—not any of the Defendant's.

While Redmond considers the document to be a "a self-executing" unilateral agreement, that idea is contrary to the law.  It is a fundamental principle of contract law that to create an enforceable contract, there must be a clear and definite offer followed by a clear and definite acceptance in accordance with the offer's terms. *See United Concrete Pipe Corp. v. Spin–Line Co.*, 430 S.W.2d 360, 364 (Tex. 1968).  And a purported acceptance that changes or qualifies an offer's material terms constitutes a rejection and counteroffer rather than an acceptance. *See id*.

Here, Redmond has failed to present any "agreement" because Defendants never consented to the terms of the so-called contract.  It is a fundamental principle of contract law that silence

does not constitute acceptance of a contract.[5] Restatement (Second) of Contracts § 69 (Am. Law. Inst. 1981); *see also Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756, 2019 WL 6841741, at *4 (D. Ariz. Dec. 16, 2019) (citing Restatement (Second) of Contracts § 69 and several states' case law, and vacating arbitration award that was based on similar unaccepted counteroffer). Further, Redmond's own statements make clear that the Defendants did not agree to the documents—he admits that he received "no response" to the purported agreement (Dkt. #1, Exhibit 4 at p. 2).

Moreover, Redmond's own statement that he would interpret a non-response as consent is legally irrelevant. *See* Restatement § 69 cmt. c. ("The mere fact that an offeror states that silence will constitute acceptance does not deprive the offeree of his privilege to remain silent without accepting."). Because the Court finds Defendants did not agree to be bound by the contract Redmond allegedly mailed to them on September 6, 2019, the parties could not have agreed to the arbitration provision buried in Redmond's purported contract. Thus, the purported arbitration award is an "obvious sham and there can be no valid action based thereon." *See In re Matter of: Arbitration Award of Robert Presley of Hmp Arbitration Servs.*, No. 4:19-CV-00088-DN-PK, 2019 WL 10817149 (D. Utah Nov. 13, 2019) (denying motion to confirm arbitration against lender and loan servicer based on tacit approval theory, calling the purported arbitration award an "obvious sham," and dismissing the action *sua sponte*, with prejudice).

The Court's finding that this action is patently baseless and frivolous is underscored by the decisions of other district courts around the country that have reached similar conclusions and

---

[5] While there are three exceptions to the general rule that silence does not constitute acceptance, none apply here either. The three circumstances where silence may constitute acceptance are: (1) the offeree takes the offered benefit with reason to know it was offered with the expectation of compensation; (2) the offeree, in remaining silent, intends to accept the offer; and (3) previous dealings between the parties give rise to the inference that silence constitutes acceptance. *See* Restatement § 69 cmt. a.

refused to enforce similar sham arbitration awards.⁶ *See, e.g.*, *John v. Cent. Loan Admin. & Reporting*, No. 21-CV-1411, 2021 WL (1845913), at *3 (E.D.N.Y Apr. 13, 2021) (finding plaintiffs' purported award to be "bogus" because there was never an agreement to arbitrate"); *Brett-Andrew: House of Nelson v. Jackson*, No. 1:20-069, 2021 WL 409999, at *1 (N.D. Tex. Feb. 5, 2021) (dismissing for lack of subject-matter jurisdiction plaintiff's action seeking to confirm an alleged $20,000,000 arbitration award against Respondents); *Elfar v. Wilmington Tr., N.A.*, No. 20-MC-0273, 2020 WL 7074609, at *1 (E.D. Cal. Dec. 3, 2020) (dismissing as frivolous an action to enforce an 8-million-dollar arbitration award); *Quamina v. U.S. Bank Nat'l. Ass'n.*, No. 20-CV-61637, 2020 WL 9349559, at * (S.D. Flo. Dec. 24, 2020) (noting plaintiff's fake arbitration award scheme is "commonplace" and dismissing action); *In Re the Matter of: Arbitration Award of Robert Presley of HMP Arbitration Servs. v. Bayview Loan Servs., LLC*, 2019 WL 10817149 at *2 (D. Utah Nov. 13, 2019) *aff'd sub nom. Wicker v. Bayview Loan Servs., LLC,* 19-CV-4169, 2021 WL 270974, at *1 (10th Cir. Jan. 27, 2021) (denying motion to confirm arbitration against lender and loan servicer based on tacit approval theory, calling the purported arbitration award an "obvious sham," and dismissing the action *sua sponte*, with prejudice); *Graves v. Select Portfolio Servicing, Inc.*, No. 20-CV-00458, 2020 WL 7365662, at *4 (D. Utah Nov. 9, 2020) (finding "HMP" is a "sham arbitrator," citing cases, and recommending dismissal of action to confirm arbitration award be dismissed with prejudice), *report and recommendation adopted*, 20-CV-00458, 2020 WL 7352736 (D. Utah Dec. 15, 2020); *Prince v. TD Bank N.A.*, 20-CV-0660, 2020 WL 8991788, at *1 (S.D.N.Y. Mar. 23, 2020) (denying plaintiff's motion to confirm an arbitration award after opportunity to show cause because the Court lacks subject-matter jurisdiction to consider it, the defendants did not agree to arbitrate, and because the motion is frivolous).

---

⁶ Redmond has also filed similar cases in this Court based on similar allegations.

### III. Remaining Defendants Are Also Dismissed

District courts may, for appropriate reasons, dismiss cases *sua sponte*. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). Importantly, "*sua sponte* dismissal is *mandatory* when a court discovers that it lacks subject-matter jurisdiction." *Carter*, 18 F.4th at 497 (citing FED. R. CIV. P. 12(h)(3). Thus, though only Shellpoint filed a motion to dismiss, Redmond's claims against the other Defendants also fail for lack of jurisdiction. Accordingly, the Court *sua sponte* dismisses Redmond's claims against the remaining Defendants for lack of subject matter jurisdiction. *See Duru v. Texas State Court*, 3:15-CV-1855-L, 2016 WL 791449, at *5 (N.D. Tex. Feb. 11, 2016), report and recommendation adopted, 3:15-CV-1855-L, 2016 WL 775847 (N.D. Tex. Feb. 29, 2016) (dismissing *sua sponte* plaintiff's claims against nonmovant for lack of diversity jurisdiction); *see also Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-860-D, 2011 WL 3606688, at *6 (N.D. Tex. Aug. 16, 2011), aff'd, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (dismissing action against a defendant who had not joined the motion to dismiss for lack of jurisdiction).

### IV. Futility of Allowing Opportunity to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1998); *Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008). Indeed, "[g]enerally, . . . a *pro se* litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). However, granting leave to amend is not required if the plaintiff has already pleaded his best case. *Id.* Indeed, where a court finds that the plaintiff has alleged his or her best case, dismissal with prejudice without an opportunity to

17

amend is appropriate. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). In this manner, an opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 Fed. App'x 306, at *1 (5th Cir. 2011) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

Here, granting leave to amend would be futile because the Court lacks subject matter jurisdiction and the Court has determined that Redmond's claims are factually frivolous. *See, e.g., Deng v. Fed. Bureau of Investigation Agencies*, No. 2:20-CV-154, 2021 WL 742297, at *6 (N.D. Tex. Jan. 26, 2021) (recommending to deny leave to amend because the *pro se* plaintiff's claims were "fantastic and delusional and [] thus factually frivolous"), *report and recommendation adopted*, No. 2:20-CV-154-Z, 2021 WL 735207 (N.D. Tex. Feb. 25, 2021); *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *report and recommendation adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021) (recommending that the Court dismiss *pro se* plaintiff's complaint without leave to amend because the court lacked subject matter jurisdiction and given "the incredible nature of the events alleged in this case"); *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (recommending the *pro se* plaintiff be denied leave to amend because it was clear in the original complaint that the court lacked subject matter jurisdiction), *report and recommendation adopted*, No. 3:19-CV-2090, 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020); *Narkin v. Reagan*, No. G-06-449, 2006 WL 2591036, at *1 (S.D. Tex. Sept. 7, 2006) (denying the *pro se* plaintiff leave to amend because a federal court "is powerless to grant leave to amend when it lacks jurisdiction over the original complaint").

# CONCLUSION

It is therefore **ORDERED** that Defendant Shellpoint's Motion to Dismiss (Dkt. #2) is hereby **GRANTED** on other grounds. Plaintiff's claims against Shellpoint are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[7]

It is **FURTHER ORDERED** that Plaintiff's claims against the remaining Defendants are also **DISMISSED *SUA SPONTE* WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Although the Court is without jurisdiction to rule on the subject matter of this case, the Court hereby **REFERS** this lawsuit to the United States Attorney's Office for investigation.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**
SIGNED this 5th day of August, 2022.

*[signature: Amos Mazzant]*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[7] While the Court notes that federal courts across the country have dismissed similar complaints with prejudice as well as without prejudice, the Court regretfully finds it proper to dismiss this complaint without prejudice. *Compare In re Matter of: Arbitration Award of Robert Presley of HMP Arbitration Servs.*, No. 19-CV-00088, 2019 WL 10817149, at *2 (D. Utah Nov. 13, 2019) (dismissing action with prejudice because "the purported award [was] an obvious sham"), *with, John*, 2021 WL 1845913, at *3 (dismissing case without prejudice "for lack of subject matter jurisdiction and because it is frivolous"). The Fifth Circuit has made it clear that courts should consider jurisdictional issues before addressing any attack on the merits. *See Ramming*, 281 F.3d at 161; *see also Hitt*, 561 F.2d at 608 ("Ordinarily, where both [] grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under FED. R. CIV. P 12(b)(1), without reaching the question of failure to state a claim under FED. R. CIV. P 12(b)(6)."). That is why it was proper for the Court to dismiss the complaint under FED. R. CIV. P. 12(h)(3)—instead of 12(b)(6). Significantly, this—the underlying basis for the Court's dismissal—has important consequences in another context—whether the action is dismissed with prejudice or without prejudice. *See Hitt*, 561 F.2d at 608 ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum."). Moreover, the Fifth Circuit has recently expressly reiterated "that a jurisdictional dismissal must be without prejudice" *Carver*, 18 F.4th at 498; *see also Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (explaining that a court's dismissal of a case resulting from a lack of subject matter jurisdiction should be made without prejudice). Thus, as a result of adherence to Fifth Circuit precedent, the Court finds that the action should be dismissed without prejudice.